UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20443-MOORE/D'ANGELO

UNITED STATES OF AMERICA

vs.

RYAN CLIFFORD GOLDBERG,
　　Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice, Criminal Division (hereinafter the "Offices") and **RYAN CLIFFORD GOLDBERG** (hereinafter referred to as the "Defendant") enter into the following agreement:

1.　　The Defendant agrees to plead guilty to Count 1 of the Indictment which charges the Defendant with conspiracy to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce, by robbery or extortion in violation Title 18, United States Code, Section 1951(a). If the Defendant enters a guilty plea to Count 1 of the Indictment and is sentenced on this charge and otherwise fully complies with this agreement, the Offices will not initiate further criminal charges against the Defendant related to his participation between April 2023 and December 2023 in the conspiracy with threat actors using the malicious software known as ALPHV BlackCat to deploy attacks against victim computers and networks to extort a ransom payment.

2.　　If a guilty plea to Count 1 of the Indictment is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Offices may reinstate or initiate charges related to the above conduct.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines" or "U.S.S.G."). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant understands and acknowledges that, as to the offense identified in paragraph 1, the Court may impose a sentence of up to twenty (20) years imprisonment, followed by a term of supervised release of up to three (3) years. In addition, to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and must order restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of

$100.00 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Offices reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

7. The Offices agree that they will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, the Defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently. The Offices, however, will not be required to make these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense,

3

violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

8. The Offices and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. <u>Base Offense Level</u>: the parties agree that the appropriate base offense level is eighteen (18) under U.S.S.G. § 2B3.2(a).

b. <u>Loss</u>: the parties agree that the loss amount was more than $9,500,000, which results in a seven-level increase under U.S.S.G. § 2B3.1(b)(7)(H).

c. <u>Role in the offense</u>: the parties agree that the Defendant should not receive any adjustment pursuant to U.S.S.G §§ 3B1.1 or 3B1.2 for role in the offense.

d. <u>Role in the offense</u>: the parties agree that the Defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense which results in a two-level increase under U.S.S.G. § 3B1.3.

e. the parties agree that the Offices may recommend additional enhancements.

9. This Office and the Defendant agree that if the Defendant does not have any criminal history points, the parties agree jointly to recommend to a two-level downward adjustment if the Defendant meets the rest of the criteria set forth in U.S.S.G. § 4C1.1(a).

10. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and

other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the

defendant's sentence because of the defendant's cooperation.

13. The Defendant is aware that his sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The Defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

14. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1951, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

15. The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of $324,123.26 in United States currency, which sum represents the value of any property which constitutes or is derived from proceeds traceable to the Defendant's commission of the offense.

16. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by the Offices the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to the Offices any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

17. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Federal Rule of Criminal Procedure ("FRCP") 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

18. The Defendant is aware that FRCP 11(b)(1)(A)-(E) affords him and the Offices certain trial rights. Acknowledging this, the Defendant thereby waives all rights conferred by FRCP 11(b)(1)(B)-(E) if the Court accepts his guilty plea.

19. The Defendant agrees that he has consulted with his attorney and fully understands all rights with respect to the Indictment. Further, the Defendant agrees that he has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The Defendant, by his signature affixed below, attests that he has read this agreement and voluntarily agrees to be bound by every term and condition set forth herein.

20. Defense counsel, by her signature affixed below, attests that she has fully explained to the Defendant his rights with respect to the Indictment, that she has reviewed with the Defendant the provisions of the Sentencing Guidelines and has explained to the Defendant the provisions which may apply in this case, and that she has carefully reviewed every part of this plea agreement with the Defendant.

21. This is the entire agreement and understanding between the Offices and the Defendant. There are no other agreements, promises, representations, or understandings, including as to any other parties charged or uncharged.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 12/18/25

THOMAS HAGGERTY
Assistant United States Attorney

Date: _____

CHRISTEN GALLAGHER
JORGE GONZALEZ
Trial Attorneys
Computer Crime and Intellectual Property Section

Date: 12/18/25

MAEANN DUNKER
Assistant Federal Public Defender

Date: 18-Dec-25

RYAN GOLDBERG
Defendant