UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CR-20443-MOORE

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RYAN CLIFFORD GOLDBERG,

Defendant.

_______________________________________/

**AGREED MOTION TO CONTINUE RESTITUTION HEARING BY 60 DAYS**

Ryan Goldberg, through undersigned counsel, respectfully moves this Court for a 60-day continuance of the restitution hearing currently scheduled for November 12, 2026. Undersigned counsel has conferred with the Government and with counsel for co-defendant Martin, who advised that they agree with this request. The undersigned also conferred with counsel for related defendant Angelo Martino, who advised that Mr. Martino also does not oppose this request. In support of this request, Mr. Goldberg states as follows:

1. On May 1, 2026, Mr. Goldberg was sentenced to 48 months of imprisonment followed by 3 years of supervised release for one count of Conspiracy to Interfere with Commerce by Extortion, in violation of 18 U.S.C. § 1951(a). DE 106. Mr. Goldberg's co-defendant, Kevin Martin, received the same sentence. At the time of sentencing, the Court deferred restitution until July 9, 2026. DE 106 at 6.

2. Following sentencing, the parties requested to continue the restitution hearing until September 17, 2026, to coordinate restitution proceedings with related case *United States v. Angelo Martino*, No. 26-cr-20065. On August 26, 2026, co-defendant Martin moved unopposed to continue restitution until November 2026 so that the parties could confer regarding the requests and review supporting evidence provided by the Government. DE 119. The Court granted the request and scheduled the restitution hearing for Martino, Martin, and Goldberg for November 12, 2026. DE 120.

3. Because this case involves cyber-extortion and the destruction of data, the restitution requests in this case are unusually complex. The requests involve multiple victims and substantial claimed losses, including system reconstruction, internal recovery labor, destroyed proprietary data, and cybersecurity expenses. Evaluating these requests requires distinguishing compensable losses from other response expenses, assessing estimated valuations, and determining whether separately claimed amounts compensate for the same work.

4. Since the last continuance, the parties have diligently conferred regarding restitution. Defense counsel requested additional information concerning the categories of claimed losses, their calculation, and the factual basis supporting them, to determine whether the requests are compensable under the applicable statute and avoid duplicative recovery. On October 21, 2026, the Government

provided additional supporting documents and its written restitution position for each victim.

5. On November 2, 2026, counsel for all three defendants conferred by video with the Government to identify agreed amounts and the issues requiring further support. The parties have reached an agreement concerning one victim and are awaiting additional information that may permit agreement concerning two additional victims. A 60-day continuance will allow time to obtain and evaluate that information, pursue further stipulations, and prepare to address any remaining disputes. This additional time may substantially narrow the scope of the restitution hearing.

6. For the above reasons, Mr. Goldberg requests that the restitution hearing be continued by 60 days.

Respectfully Submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: /s/ MaeAnn Dunker

MaeAnn Dunker
Assistant Federal Public Defender
Special A#: A5502960
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
Email: MaeAnn_Dunker@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **November 5, 2026,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ MaeAnn Dunker*
MaeAnn Dunker